# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WILLIAMS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RICK HILL, Warden<br><br>　　　　　Respondent.<br>_____ / | 1:10-cv-00410-DLB (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DIRECTING CLERK OF COURT TO ENTER JUDGMENT, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>[Doc. 16] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

### BACKGROUND[1]

Petitioner pled no contest to transportation of cocaine, possession of cocaine base for sale, leaving the scene of an injury accident, and felony evasion of a peace office, with great bodily injury enhancements. A jury found Petitioner guilty of second degree murder and vehicular manslaughter. On August 10, 2005, Petitioner was sentenced to an indeterminate term of fifteen years to life plus a consecutive determinate term of sixteen months.

On January 4, 2007, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. The California Supreme Court denied review on April 11, 2007.

---

[1] This information is derived from the state court documents lodged by Respondent which are not subject to dispute.

Petitioner filed six pro se state post-conviction collateral petitions.[2] The first petition was filed on August 31, 2006, in the Fresno County Superior Court. The petition was denied on September 22, 2006.

The second petition was filed on January 15, 2007 in the California Court of Appeal, Fifth Appellate District. The petition was denied on April 9, 2007.

The third petition was filed in the California Supreme Court on April 18, 2007. The petition was denied on June 13, 2007.

The fourth petition for writ of habeas corpus was filed on September 12, 2008, in the Fresno County Superior Court. The petition was denied as untimely on October 27, 2008.

The fifth petition for writ of habeas corpus was filed on February 15, 2009, in the California Court of Appeal, Fifth Appellate District. The petition was denied on March 5, 2009.

The sixth petition for writ of habeas corpus was filed in the California Supreme Court on April 9, 2009. On September 9, 2009, the petition was denied with a citation to In re Clark, 5 Cal.4th 750 (1993).

Petitioner filed the instant petition for writ of habeas corpus on March 4, 2010. Respondent filed a motion to dismiss on August 17, 2010. Petitioner did not file an opposition.

## DISCUSSION

A.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

---

[2] All filing dates set forth here reflect the benefit of the mailbox rule. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.   <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on March 4, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, on January 4, 2007, the California Court of Appeal, affirmed the judgment. Petitioner filed a petition for review in the California Supreme Court which was denied on April 11, 2007. Thus, direct review became final on July 10, 2007, when the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court expired. Therefore, the one year limitations period began on the following day, July 11, 2007, and absent tolling, was set to expire on July 10, 2008. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

   1. No Tolling While The First Through Third Petitions Were Pending in State Court

The first through third state petitions were filed and concluded prior to the commencement of the limitations period and therefore no tolling is available. More specifically, the first petition concluded on September 22, 2006, almost ten months prior to the

commencement of the limitations period. The second action concluded on April 9, 2007-three months before the statute of limitations commenced. The third action concluded on June 13, 2007, nearly one month before the limitations period commenced. A collateral action filed prior to the effective date of the statute of limitations has no tolling consequence. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (noting that although the filing of a state habeas petition "would otherwise have tolled the running of the federal limitations period, since it was denied before that period had started to run, it had no effect on the timeliness of the ultimate federal filing."). Thus, there is no tolling of the limitations for the filing of the first through third petitions.

D.      End of Limitations Period

As previously stated, the limitations period commenced on July 11, 2007. Because the first through third petitions were filed prior to the effective date of the limitations period, no tolling is available and the limitations period expired on July 10, 2008. Thus, the instant petition filed on March 4, 2010, is untimely.

E.      No Tolling For Subsequent Petitions Filed After Expirations of Limitations Period

Petitioner filed his fourth state petition on September 12, 2008-over two months after the limitations period expired. Therefore, the filing of the fourth through sixth petitions after the expiration of the limitations period did not restart the clock at zero or revive it. Accordingly, the fourth through sixth state petitions do not extend the statute of limitations because they were both filed after it expired. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Moreover, the fourth and sixth state petitions were explicitly found untimely by the Fresno County Superior Court and the California Supreme Court, as they were denied with a citation to In re Clark, 5 Cal.4th 750, 765 (1993), and cannot toll the limitations period. See Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (finding that a petition denied as untimely is not properly filed and does not toll the limitations period). The fifth petition was denied without comment which is presumably denied for the same reason as the prior petition. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same

claim rest upon the same ground."). Therefore, the fourth through sixth petitions were not "properly filed" within the meaning of section 2244(d)(2) and tolling is not available.

F.	Equitable Tolling

The AEDPA's limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S.Ct.2549, 2562 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner has not presented any basis to equitably toll the limitations period nor does the Court find a basis to do so. Accordingly, the instant petition is untimely and Respondent's motion to dismiss must be granted.

F.	Certificate of Appealability

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show, in order to obtain a certificate of appealability: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). While both showings must be made to obtain a certificate of appealability, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

The Court finds that Petitioner has failed to make an adequate showing. The Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed with prejudice as untimely. Petitioner has not made the required substantial showing of the denial of a constitutional right.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss the instant petition is GRANTED;

2. The instant petition for writ of habeas corpus is DISMISSED with prejudice; and

3. The Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

Dated:   **October 1, 2010**           /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE